IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 8:21-495 |
| v. | |
| **JARVIS MIKEL JACKSON** | **PLEA AGREEMENT** |

This PLEA AGREEMENT is made this 2nd day of November, 2021, between the United States of America, as represented by Acting United States Attorney M. RHETT DEHART; Assistant United States Attorney Winston I. Marosek; the Defendant, **Jarvis Mikel Jackson,** and Defendant's attorney, Benjamin T. Stepp, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.      The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges felon in possession of a firearm and ammunition, in violation Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1 – Felon in possession of a firearm and ammunition:**

A.      First, the defendant knowingly possessed the firearm and/or ammunition described in the Indictment;

B.      Second, at the time of such possession, the defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;

C.      Third, at the time of such possession, the defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and

D.      Fourth, such possession was in or affecting commerce because the firearm and/or ammunition had previously been transported in interstate or foreign commerce.

1



**The penalty for a violation of 18 U.S.C. § 922(g) is:**

> Imprisonment for not more than 10 years, and/or
>
> Fine of $250,000, and
>
> A term of supervised release up to 3 years, and
>
> A special assessment of $100.

**If the defendant has at least 3 prior convictions for a violent felony or serious drug offense:**

(per 18 U.S.C. § 924(e))

> Mandatory minimum term of imprisonment of 15 years and a maximum imprisonment of life, and
>
> Fine of $250,000, and
>
> A term of supervised release of not more than 5 years, and
>
> A special assessment of $100.

2.    The parties hereby agree that Defendant, Jarvis Mikel Jackson, has reserved the right and is thereby allowed to appeal the adverse decision rendered by the Court on his Motion to Suppress Evidence (ECF No. 26) and his Motion for a *Franks* Hearing and to Suppress Evidence (ECF No. 29) on November 2, 2021. Fed. R. Crim. P. 11(a)(2).

3.    The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at



trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

    4.    The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11/2/21
Date

Jarvis Mikel Jackson
Defendant

11/2/2021
Date

Benjamin T. Stepp, Esquire
Defense Attorney

M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

11/2/2021
Date

Winston Marosek (Fed. ID # 13189)
Assistant United States Attorney