IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| UNITED STATES OF AMERICA | ) | CR. NO.: 8:21-495 |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **THE GOVERNMENT'S** |
| JARVIS MIKEL JACKSON | ) | **SENTENCING MEMORANDUM** |

COMES NOW the United States of America, by and through the undersigned counsel, and respectfully submits this Sentencing Memorandum. For the reasons set forth in this Memorandum, the defendant's South Carolina convictions for distribution of cocaine base fall within the express language of the Guidelines' definition of controlled substance offense, and under settled Fourth Circuit precedent, are valid predicates for an enhanced base offense level pursuant to U.S.S.G. § 2K2.1.

A. **Procedural Background**

The federal indictment pending against the defendant charges him with being a felon in possession of a firearm and ammunition on February 17, 2019, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On November 2, 2021, this Court held a *Franks* hearing and denied the defendant's Motion to Suppress after the presentation of evidence. The same day, the defendant entered a conditional guilty plea to the indictment. Pursuant to the plea agreement, the defendant reserved the right to appeal the Court's adverse decision on his Motion to Suppress Evidence (ECF No. 26) and his Motion for a *Franks* Hearing and to Suppress Evidence (ECF No. 29).

In the Presentence Investigation Report ("PSR"), the United States Probation Office enhanced the defendant's base offense level to 26 pursuant to U.S.S.G § 2K2.1 due to defendant's possession of a firearm capable of accepting a large capacity magazine and two prior felony

1

convictions for a controlled substance offense. The defendant received a 2-level increase for attempting to escape and resisting arrest while armed with a loaded handgun. The defendant also received a 2-level reduction for acceptance of responsibility and a 1-level reduction for timely entering a guilty plea. As noted in the PSR, based on a total offense level of 25, the defendant's criminal history category VI, and the statutorily authorized maximum sentence of 10 years, the guideline imprisonment range is 110-120 months pursuant to U.S.S.G. § 5G1.1(c)(1).

**B.     The Defendant's Objections to the Presentence Investigation Report**

The defendant objected to the use of certain prior controlled substance offenses for an enhanced base offense level. The prior controlled substance offenses at issue are:

- Conviction for distribution of crack cocaine in violation of S.C. Code § 44-53-375 for which the Court of General Sessions of Greenwood County sentenced the defendant on May 29, 2008, in Case No. 08-GS-24-0815;
- Convictions for distribution of crack base – first offense – in violation of S.C. Code § 44-53-375 for which the Court of General Sessions of Greenwood County sentenced the defendant on May 16, 2011, in Case Nos. 11-GS-24-0655 and 11-GS-24-0656. These convictions are one combined predicate offense pursuant to U.S.S.G. § 2K2.1.

In summary, the defendant relies on *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), in support of his objections. The defendant argues the West Virginia law examined in *Campbell*, which the 4th Circuit found was not a controlled substance offense, mirrors S.C. Code § 44-53-375, and therefore, the use of the defendant's predicate offenses described above is prohibited in this case. The defendant's objection should be overruled.

C. **Argument**

The defendant's South Carolina convictions for distribution of crack cocaine fall within the express language of the Guidelines' definition of controlled substance offense, and under settled Fourth Circuit precedent, are valid predicates for an enhanced base offense level pursuant to U.S.S.G. § 2K2.1.

The Guideline defines a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).[1] An application note to the Guideline states that the definition "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 app. note 1. But in *Campbell*, the Fourth Circuit—analyzing a West Virginia statute that criminalizes the attempted delivery of drugs—held the commentary is inconsistent with the plain text of § 4B1.2(b), and the definition of controlled substance offense does not include an attempt crime.[2] 22 F.4th at 440.

---

[1] Application note 1 to U.S.S.G. § 2K2.1 provides that the meaning of "controlled substance offense" is the meaning "given to that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2."

[2] *Campbell* initially held the Supreme Court's decision in *Stinson v. United States*, 508 U.S. 36, 38 (1993)—that the Guidelines commentary is authoritative unless it is a violation of the Constitution or federal law, or would be a plainly erroneous or inconsistent reading of the Guideline itself—"requires the conclusion that an attempt offense, and so the West Virginia conviction at issue here, is not a 'controlled substance offense.'" 2022 WL 71824, at *4. It then noted that under the Supreme Court's more recent decision in *Kisor v. Wilkie*, 139 S.Ct. 2400, 2408, 2418 (2019)—that an agency's interpretation of its own regulation is not owed deference unless the regulation is "genuinely ambiguous" after exhausting all the traditional tools of construction—now applies to interpretations of the Guidelines commentary and supports the conclusion that the commentary in § 4B1.2 is owed no deference. *Id.* at *5.

But less than two weeks later, the Fourth Circuit held in *United States v. Moses*, 23 F.4th 347, 349

The defendant's prior offenses for distribution of cocaine base/crack cocaine are proper predicate "controlled substance offenses" for an enhanced base offense level in U.S.S.G. § 2K2.1 even after *Campbell*. The defendant pleaded guilty to distribution of cocaine base/crack cocaine under S.C. Code § 44-53-375(B). Section 375(B) provides:

> A person who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possesses with intent to distribute, dispense, or deliver methamphetamine or cocaine base, in violation of the provisions of Section 44-53-370 is guilty of a felony . . . .

S.C. Code § 44-53-375(B).

To sustain a distribution of cocaine base conviction under Section 375(B), the State must prove beyond a reasonable doubt that (1) the defendant had actual control, or the right to exercise control over, the cocaine base; and (2) he knowingly distributed or delivered the cocaine base. *United States v. Furlow*, 928 F.3d 311, 322 (4th Cir. 2019), *judgment vacated on other grounds*, 140 S.Ct. 2824 (2020) (citing *State v. Watts*, 321 S.C. 158, 168 (Ct. Ap. 1996)). The Fourth Circuit has repeatedly held South Carolina distribution is a categorical match with the Guidelines' definition of controlled substance offense. *See, e.g.*, *id.*; *United States v. Buckman*, 810 F. App'x 184, 187 (4th Cir. 2020) (unpublished).

The defendant resists this conclusion, citing *Campbell* and arguing the South Carolina statute "mirrors" the West Virginia statute that the Fourth Circuit found was not a controlled substance offense. But the West Virginia statute analyzed in *Campbell* is not the same as Section 375(B). It makes it unlawful "to manufacture, deliver, or possess with intent to manufacture or

---

(4th Cir. 2022), that "*Kisor* did not overrule *Stinson*'s standard for the deference owed to Guidelines commentary," and such commentary is still binding unless it would be unlawful or a plainly erroneous or inconsistent reading of the Guideline.

*Campbell* and *Moses* conflict on whether the *Stinson* or *Kisor* standard controls, but *Campbell* concluded that under either standard, attempt offenses are not "controlled substance offenses."

4

deliver a controlled substance." W. Va. Code § 60A-4-401(a). The Fourth Circuit did not mention the modified categorical approach, and it found the least culpable conduct the West Virginia statute criminalizes is *an attempt to deliver* a controlled substance. *Campbell*, 2022 WL 71824, at *2. Because the Sentencing Commission incorporated such inchoate, attempted distributions into the controlled substance offense definition only by way of the Guidelines commentary, they do not qualify as predicate convictions.

Section 375(B), by contrast, is divisible and subject to the modified categorical approach. *See United States v. Williams*, 997 F.3d 519, 523 (4th Cir. 2021) (citing *Furlow*, 928 F.3d at 320). The statute does include attempt crimes, which are not controlled substance offenses under *Campbell*. *See* S.C. Code § 44-53-375(B) ("A person who . . . attempts . . . to manufacture, distribute, dispense, deliver, or purchase . . . methamphetamine or cocaine base, in violation of the provisions of Section 44-53-370 is guilty of a felony"). But applying the modified categorical approach and examining the *Shepard* documents, it is clear the defendant pleaded guilty to *distribution* of cocaine base, not *attempted distribution* of cocaine base.

The only similarity between the West Virginia statute in *Campbell* and Section 375(B) as they relate to the defendant's objection is that both define "deliver" as "the actual, constructive, or attempted transfer" of drugs. *See* W.Va. Code § 60A-1-101(h); S.C. Code § 44-53-110(10). The Controlled Substances Act (CSA) uses the same definition. 21 U.S.C. § 802(8). To the extent the defendant believes the definition of "deliver" means distribution under Section 375(B) is not a controlled substance offense, he is incorrect.

The Sixth Circuit's opinion in *United States v. Booker*, 994 F.3d 591 (6th Cir. 2021), is instructive. The defendant argued his Michigan conviction for delivery or manufacture of a controlled substance and his conviction under the CSA for distribution of a controlled substance

5

were not controlled substance offenses under the Guidelines. *Id.* at 595. Michigan's law—like the South Carolina and federal laws—defines "delivery" as "the actual, constructive, or attempted transfer from [one] person to another of a controlled substance." Mich. Comp. Laws § 333.7105(1). The defendant argued that because the Michigan and CSA definitions of "delivery" include "attempted transfer," "the least conduct criminalized by each statute is 'attempted delivery,' meaning that neither can be a predicate offense" under Sixth Circuit precedent holding attempt offenses are not controlled substances under the Guidelines. *Booker*, 994 F.3d at 595 (citing *United States v. Havis (Havis I)*, 927 F.3d 382 (6th Cir. 2019) (en banc)).

The Sixth Circuit squarely rejected the defendant's argument. It noted that the Michigan and federal statutes "both codify attempted distribution or delivery separately from the completed offenses." *Id.* To avoid rendering the attempted distribution offenses superfluous, the court held that under both statutes, "an 'attempted transfer' constitutes a *completed delivery* rather than an attempt crime." *Id.* (citing *United States v. Hill*, 982 F.3d 441, 444 (6th Cir. 2020)).

This Court should reach the same result with respect to Section 375(B). Like the Michigan statute and the CSA, Section 375(B) punishes attempt offenses separately from completed offenses. Finding that a "distribution" under Section 375(B) could actually be an "attempted distribution" would render the attempt portion of the statute superfluous.

More importantly, finding that South Carolina's distribution offense is not a controlled substance offense based on the state's definition of "deliver" would mean that distribution offenses under the CSA are also not controlled substance offenses. There is no daylight between the CSA and Section 375(B). They criminalize the same conduct as distribution: having possession of drugs and knowingly distributing or delivering them to another. *See Furlow*, 928 F.3d at 322 (setting forth the elements of SC distribution offense); *United States v. Alerre*, 430 F.3d 681, 689

6

(4th Cir. 2005) (setting forth the elements of § 841 distribution offense). They use materially identical definitions of "distribute" and "deliver." 21 U.S.C. §§ 802(8), (11); S.C. Code §§ 44-53-110(10), (17). And they criminalize distributions and attempted distributions separately. 21 U.S.C. §§ 841, 846; S.C. Code § 44-53-375(B).

So if a distribution offense under Section 375(B) is overbroad because a distribution can be completed by attempting to transfer drugs, then § 841 also falls outside the scope of the Career Offender Guideline. "That can't be what the guidelines' drafters had in mind."[3] *United States v. Garth*, 965 F.3d 493, 498 (6th Cir. 2020) (holding, after *Havis I*, that Tennessee PWID is categorically a controlled substance offense because the state statute and the CSA both criminalize "possession-with-intent-to-attempt-to-transfer"). Not only would it "be bizarre if violating the primary provision of the Controlled Substances Act turned out not to be a controlled substance offense," *United States v. Havis (Havis II)*, 929 F.3d 317, 320 (6th Cir. 2019) (Sutton, J., concurring in denial of en banc reconsideration), but it would also run counter to Congress' explicit directive that the Sentencing Commission assign a Guidelines range at or near the statutory maximum for defendants on their third conviction for a crime of violence or an § 841 offense, *see United States v. Spruhan*, 989 F.3d 266, 269 (4th Cir. 2021) (citing 28 U.S.C. § 994(h)). A holding

---

[3] It can't be what the Fourth Circuit had in mind either. For decades, it has affirmed application of the Career Offender enhancement based on § 841 convictions. *See, e.g.*, *United States v. Ward*, 972 F.3d 364, 367 (4th Cir. 2020) (affirming application of enhancement to defendant who pleaded guilty to distributing cocaine under § 841); *United States v. Jenkins*, 631 F.3d 680, 681 (4th Cir. 2011) (affirming application of enhancement to defendant who pleaded guilty to distributing cocaine base under § 841); *United States v. Dorsey*, 61 F.3d 260, 261 (4th Cir. 1995) (holding "there is no dispute" defendant who pleaded to possession with intent to distribute (PWID) heroin under § 841 "qualified as a career offender"); *United States v. Walton*, 56 F.3d 551, 555 (4th Cir. 1995) (holding "there is no question" defendant's conviction for distributing marijuana under § 841 "was for a controlled substance offense").

7

that South Carolina distribution offenses are not controlled substance offenses would lead to an irrational result.

In short, *Campbell* has no impact on South Carolina's drug laws. Federal and state convictions under statutes like 21 U.S.C. § 841 and Section 375(B), which prohibit "attempted transfers" of drugs by counting them as the *completed substantive offense* of "distribution," still count as controlled substance offenses and remain valid predicates. The defendant's distribution convictions fall within the Guidelines' definition of controlled substance offense. They are therefore valid predicates.

                                              Respectfully submitted,

                                              COREY F. ELLIS
                                              UNITED STATES ATTORNEY

                                          By: <u>s/ Winston I. Marosek</u>
                                                  Winston I. Marosek
                                                  Assistant United States Attorney
                                                  Federal I.D. No: 13189
                                                  55 Beattie Place, Suite 700
                                                  Greenville, South Carolina 29603
                                                  864-282-2100
                                                  Winston.Marosek@usdoj.gov

February 15, 2022
Greenville, South Carolina